IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW B. WOLLERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-278 (RDA/IDD) |
| ) | |
| DAR HAY ENTERPRISES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Matthew Wollert, who is proceeding *pro se*, filed an Amended Complaint against Dar Hay Enterprises, Dariel Dee Haynes, Sr., Mac Leads, LLC, and William McHale on June 23, 2022. Dkt. 14. Although both Dar Hay Enterprises and Dariel Dee Haynes have appeared in the case, *see* Dkt. 13, neither party has responded to Plaintiff's Amended Complaint. Plaintiff requested an Entry of Default against Dar Hay Enterprises and Dariel Dee Haynes on July 13, 2022. Dkt. 16. The Clerk entered default that same day. Dkt. 17. The Entry of Default against Defendant Haynes was later vacated. Dkt. 18.

Plaintiff properly served Defendant Haynes with his Amended Complaint. When he filed an Answer to Plaintiff's original complaint, Defendant Haynes appeared in the case. *See* Dkt. 13. Accordingly, Plaintiff was able to properly serve his Amended Complaint upon Defendant Haynes via first-class mail to his last known address. *See* Fed. R. Civ. P. 5(a)(1)(B) (providing that the Rule 5 method of serving pleadings governs pleadings "filed after the original complaint"); Fed. R. Civ. P. 5(b)(2)(C) (stating that a party can serve another party under Rule 5 by mailing it by

first-class mail to the party's last known address).[1] Plaintiff certified that on June 23, 2022, he sent the Amended Complaint via first-class mail to Defendant Haynes's last known address. Dkt. 14 at 20 (Certificate of Service). Thus, Plaintiff properly served his Amended Complaint upon Defendant Haynes, and Defendant Haynes has not responded within the time required.

For those reasons, it is hereby ORDERED that the Clerk enter default as to Defendant Dariel Dee Haynes for failure to plead or otherwise defend; and it is

FURTHER ORDERED that Plaintiff file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum setting forth the factual and legal support for findings that (a) this Court has subject matter and personal jurisdiction, including how the defaulting Defendants were served and why that service was proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more claims on which relief can be granted; and (c) Plaintiff can receive the damages and relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief; and it is

FURTHER ORDERED that Plaintiff file a Notice setting a hearing on the motion for default judgment for 10:00 a.m. on Friday, December 2, 2022 before Magistrate Judge Davis, to whom this action is referred. Plaintiff is also directed to mail copies of the notice, motion, and memorandum to the defaulting Defendants at the Defendants' last known addresses, certifying the

---

[1] Federal Rule of Civil Procedure 5(a)(2) requires a party to serve a pleading or motion that asserts a new claim for relief against a defaulted party in accordance with Rule 4. Plaintiff's Amended Complaint did add a new claim. *Compare* Dkt. 14 at 17 (Amended Complaint, including Count 4, alleging violations of 47 C.F.R. § 64.1200(d)(1)) *with* Dkt. 1 (Original Complaint, with no Count alleging violations of 47 C.F.R. § 64.1200(d)(1)). However, even though Plaintiff had requested default against Defendant Haynes on June 2, 2022, that default was never entered against Defendant Haynes, since he answered the original complaint on June 3, 2022. Thus, at the time Plaintiff filed his Amended Complaint, Defendant Haynes was not in default. As a result, Rule 5(a)(2) does not apply, and Plaintiff did not need to comply with Rule 4 in serving his Amended Complaint upon Defendant Haynes.

same to the Court, or seek leave of Court to provide notice to the defaulting Defendants through alternative means on terms the Magistrate Judge assigned to this case may deem appropriate; and it is

FURTHER ORDERED that Plaintiff's Request for Clarification (Dkt. 20) is DENIED as MOOT.

The Clerk is directed to forward a copy of this Order to Plaintiff, *pro se*, who is directed to serve this Order on Defendants.

It is SO ORDERED.

Alexandria, Virginia
October 20, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge